UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| **JOYCE FELTON,** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | DOCKET NO. CV-20- |
| | ) | |
| **STATE OF MAINE,** | ) | |
| | ) | |
| Defendant | ) | |

**Plaintiff's Complaint and Jury Trial Request**

**NOW COMES** Plaintiff, Joyce Felton, by and through counsel, Sarah A. Churchill, Esq., and complains against Defendant as follows:

**PARTIES**

1.     Plaintiff, Joyce Felton, is a resident of the town of Newport News, Virginia.

2.     Defendant is the State of Maine.

**JURISDICTION**

3.     The Court has original jurisdiction under 28 U.S.C. §1331.

**VENUE**

4.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 whereas a substantial part of the events or omissions giving rise to Plaintiff's Claims occurred while she was domiciled in this Court's District.

1

## STATEMENT OF FACTS

5.     Plaintiff identifies as an African American woman.

6.     Plaintiff began working for the State of Maine in October of 2016.

7.     Plaintiff's work began in the ASPIRE office of the Maine Department of Health and Human Services.

8.     After a period of time Plaintiff transferred to the Bureau of Alcohol Enforcement.

9.     While working the Bureau of Alcohol Enforcement Plaintiff brought forward complaints of a racially hostile work environment.

10.    Those complaints were investigated and after the investigation Plaintiff was transferred to the Department of Administrative and Financial Services (hereinafter DAFS) in November or December of 2017.

11.    Plaintiff took a one month long leave of absence to deal with her mental health conditions that had been aggravated by the hostile work environment prior to starting her new position.

12.    Plaintiff's transfer to DAFS was a direct result of her complaints of a racially hostile work environment and the investigation that followed.

13.    Plaintiff's position in DAFS was a that of an Office Associate II.

14.    When Plaintiff reported to work at DAFS issues began immediately.

15.    A temporary worker was tasked with training Plaintiff.

16.    The temporary worker had believed that she was going to get the position Plaintiff was filling up until the time that Plaintiff reported to work at DAFS.

17.    Plaintiff was called Norbit by coworkers.

18.    Norbit is an African American character played by Eddie Murphy who is a morbidly obese manly appearing woman.

19.    Plaintiff believed that this name calling was an insult and related to her race.

20.    Plaintiff reported the name calling to her supervisor , Erica Ouellette, who laughed about it.

21.    Plaintiff received a card with a black dog on the front that she believed was related to her race because other co-workers did not receive the same card.

22.    Plaintiff was regularly referred to as being an Oreo which she believes was related to her race.

23.    One day a man came into the office and called Plaintiff a nigger.

24.    Plaintiff reported this to Erica Ouellette.

25.    Erica Ouellette reviews surveillance footage in an attempt to identify the man but was unable to identify him.

26.   This individual returned to the office on a different day and Plaintiff
      again alerted Erica Ouellette.

27.   Ms. Ouellette refused to follow up with attempts to identify the
      individual further.

28.   During her time at DAFS Plaintiff's training was inconsistent and
      contradictory.

29.   Plaintiff was not given the proper tools needed to do her job.

30.   For example, Plaintiff was not given her own email address or log in
      to the TAMS system.

31.   Plaintiff was micromanaged regarding her work tasks and was told
      inconsistent instructions for completing her tasks.

32.   Plaintiff's co-workers were not subjected to the same micromanaging;
      inconsistent instructions and contradictory training that she was given.

33.   Furthermore, Plaintiff's co-workers were not denied the tools the
      needed in order to complete their jobs.

34.   Plaintiff has diagnosed mental health conditions to include
      agoraphobia and anxiety.

35.   Defendant was aware of these conditions because Plaintiff had taken a
      leave of absence to treat them in the aftermath of the initial
      investigation into a racially hostile work environment listed above.

36.   Plaintiff made Defendant aware of how the work environment including the incongruent training, inconsistent instructions, treatment, and racial animus were exacerbating her mental health conditions.

37.   Plaintiff also made Defendant aware of what Plaintiff needed for accommodations to be successful in her position.

38.   On March 30, 2018 Plaintiff had a medical episode at work which was triggered by the smell of marijuana that was present in a workplace bathroom.

39.   Plaintiff was taken to the hospital and treated.

40.   Plaintiff filed a complaint again about how she was being treated.

41.   Plaiting was then told that there were complaints about her job performance and she was being removed from her position.

42.   Defendant indicated that they would work with Plaintiff to find her a new position.

43.   Plaintiff followed the directions she received from Human Resources to find a new position.

44.   There were dozens of open positions at this time.

45.   Plaintiff received a letter on April 25, 2018 indicating that there were no open positions available for her and since she was unable to perform her job she was being terminated.

46.   Plaintiff has fully complied with the procedural requirements of 5 M.R.S.A. §4622(1)(A).

47.   Plaintiff has complied with the requirements of 42 U.S.C. §2000e-5.

## Count 1

### Maine Human Rights Act: Disability Discrimination

48.   Plaintiff realleges and incorporates by reference the allegations set forth in the paragraphs above.

49.   Plaintiff is a member of a protected class in that she has a disability.

50.   Plaintiff suffers from mental illness.

51.   Defendant was on notice about Plaintiff's disability.

52.   Plaintiff was able to perform the essential functions of her position.

53.   Plaintiff made clear to Defendant that she required reasonable accommodations in her job for her disability.

54.   Defendant refused to give Plaintiff a reasonable accommodation.

55.   Defendant terminated Plaintiff because of her disability.

56.   Plaintiff's disability was the motivating factor behind her termination.

57.   Plaintiff's disability was the motivating factor behind Defendant's unwillingness to follow through in finding her an alternative position.

58.   As a result of the discriminatory treatment, Plaintiff suffered damages.

59.   Defendant acted with malice and reckless indifference to Plaintiff's protected civil rights. Defendant was motivated by discriminatory intent.

60.   Defendant discriminated against plaintiff in violation of the Maine Human Rights Act, 5 M.R.S.A. § 4572.

61.   Plaintiff has fully complied with the procedural requirements of 5 M.R.S.A. §4622(1)(A).

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a.   Declare Defendant's actions unlawful;

b.   Award Plaintiff damages;

c.   Award Plaintiff reasonable attorney's fees, costs, and interest;

d.   Order Defendant to reinstate Plaintiff or, in lieu, of reinstatement order back and front pay;

e.   Award all allowable penalties, nominal and statutory damages; and

f.   Such further relief as the Court deems proper and just.

## Count 2

### Maine Human Rights Act: Racial Discrimination

62. Plaintiff realleges and incorporates by reference the allegations set forth in the paragraphs above.

63. Plaintiff is a member of a protected class in that she is African American.

64. Plaintiff satisfactorily preformed all of her job duties.

65. Defendant terminated Plaintiff's employment.

66. Defendant showed a preference for white employees over Plaintiff.

67. As a result of the discriminatory treatment, Plaintiff suffered damages.

68. Defendant acted with malice and reckless indifference to Plaintiff's protected civil rights. Defendant was motivated by discriminatory intent.

69. Defendant discriminated against plaintiff in violation of the Maine Human Rights Act, 5 M.R.S.A. § 4572.

70. Plaintiff has fully complied with the procedural requirements of 5 M.R.S.A. §4622(1)(A).

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a.    Declare Defendant's actions unlawful;

b.    Award Plaintiff damages;

c.    Award Plaintiff reasonable attorney's fees, costs, and interest;

d.    Order Defendant to reinstate Plaintiff or, in lieu, of reinstatement order back and front pay;

e.    Award all allowable penalties, nominal and statutory damages; and

f.    Such further relief as the Court deems proper and just.

## Count 3

### Violation of 5 M.R.S.A §§4572(E); 4633(1)

71.    Plaintiff herein repeats, realleges and incorporates each and every allegation and averment contained in foregoing paragraphs as if fully set forth herein.

72.    Plaintiff was unlawfully discriminated against because she reported conduct that she reasonably believed to be unlawful employment discrimination in violation of the Maine Human Rights Act, as well as participated in related investigations.

73.    Plaintiff has fully complied with the procedural requirements of 5 M.R.S.A. §4622(1)(A).

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a.   Declare Defendant's actions unlawful;

b.   Award Plaintiff damages;

c.   Award Plaintiff reasonable attorney's fees, costs, and interest;

d.   Award all allowable penalties, nominal and statutory damages; and

e.   Such further relief as the Court deems proper and just.

## <u>Count 4</u>

### Disability Discrimination - 42 U.S.C. §12112

74.   Plaintiff herein repeats, realleges and incorporates each and every allegation and averment contained in foregoing paragraphs as if fully set forth herein.

75.   The Americans with Disabilities Act ("ADA") prohibits discrimination on the basis of a disability in regard to hiring, advancement, termination and the general conditions and privileges of employment.

76.   Plaintiff is a person with a disability within the meaning of ADA due to her diagnosis of a mental health condition, which affected one or more of her major life activities

77.     Defendant is an employer subjected to the ADA.

78.     Defendant was on notice about Plaintiff's disability.

79.     Defendant did not accommodate Plaintiff's disability.

80.     Defendant treated Plaintiff differently in the termination from and terms and conditions of her employment on the basis of her disability.

81.     As a result of Defendant's violation of the ADA, Plaintiff suffered injury and damages and is entitled to relief.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a.     Declare Defendant's actions unlawful;

b.     Award Plaintiff damages;

c.     Award Plaintiff reasonable attorney's fees, costs, and interest;

d.     Order Defendant to reinstate Plaintiff or, in lieu, of reinstatement order back and front pay;

e.     Award all allowable penalties, nominal and statutory damages; and

f.     Such further relief as the Court deems proper and just.

## **Count 5**

### **Race Discrimination – 42 U.S.C. §2000e-2**

82.    Plaintiff herein repeats, realleges and incorporates each and every allegation and averment contained in foregoing paragraphs as if fully set forth herein.

83.    The Civil Rights Act prohibits discrimination on the basis of race or color in regard to hiring, advancement, termination and the general conditions and privileges of employment.

84.    Plaintiff is an African-American.

85.    Plaintiff's race and color were known to Defendant.

86.    Defendant discrimination against Plaintiff on the basis of her race by not properly investigating and dealing with her complaints of a racially hostile work environment and by not finding her a position in another department in March and April of 2018.

87.    As a result of Defendant's conduct Plaintiff suffered damages and is entitled to relief.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a.    Declare Defendant's actions unlawful;

b.      Award Plaintiff damages;

c.      Award Plaintiff reasonable attorney's fees, costs, and interest;

d.      Order Defendant to reinstate Plaintiff or, in lieu, of

reinstatement order back and front pay;

e.      Award all allowable penalties, nominal and statutory damages;

and

f.      Such further relief as the Court deems proper and just.

## Count 6

### Retaliation under the Civil Rights Act

88.     Plaintiff herein repeats, realleges and incorporates each and every
allegation and averment contained in foregoing paragraphs as if fully
set forth herein.

89.     Plaintiff made complaints about a racially hostile work environment
which constitute protected activity under Federal law.

90.     Defendant was aware of Plaintiff's protected activity because they
fielded Plaintiff's complaints.

91.     Plaintiff suffered an adverse employment action in that she was
terminated from her job.

92.     Plaintiff protected activity occurred just prior to her termination and
therefore was the cause her termination.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

      a.      Declare Defendant's actions unlawful;

      b.      Award Plaintiff damages;

      c.      Award Plaintiff reasonable attorney's fees, costs, and interest;

      d.      Order Defendant to reinstate Plaintiff or, in lieu, of reinstatement order back and front pay;

      e.      Award all allowable penalties, nominal and statutory damages; and

      f.      Such further relief as the Court deems proper and just.

## JURY REQUEST

Plaintiff hereby requests a jury trial.

Dated at Portland, Maine this 12th day of October, 2020.

                     **By:  Nichols & Churchill, PA**
                     ____/s/ Sarah A. Churchill_____
                     Sarah A. Churchill, Esq.
                     Maine Bar No. 9320
                     Attorney for Plaintiff

                     NICHOLS & CHURCHILL, PA
                     1250 Forest Avenue
                     Portland, ME 04103
                     (207)879-4000
                     schurchill@nicholschurchill.com